UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MORGAN STANLEY DW, INC.,

Plaintiff,

v.                                                     Civil No. 05-1385-HO

KEITH RIVERA, WILLIAM CARAM,                           TEMPORARY RESTRAINING
AND CHAD SWANSON,                                      ORDER

Defendants.

---

Based on plaintiff's complaint and plaintiff's Motion for Temporary Restraining Order, and having heard argument from counsel,

IT IS HEREBY ORDERED THAT:

1. Defendants Keith Rivera, William Caram, and Chad Swanson are enjoined and restrained, directly or indirectly, and whether acting alone or in concert with others, including any agent, employee, officer and/or representative of UBS Financial Services Inc., until a hearing by a panel of NASD Arbitrators pursuant to NASD Code of Arbitration Procedure Rule 10335(b)(1), from:

**ORDER - Page 1**

A.  Soliciting or otherwise initiating any further contact or communication with any client of Morgan Stanley whom Defendants served or whose name became known to Defendants while in the employ of Morgan Stanley for the purpose of inviting, encouraging, or requesting the transfer of any accounts or business patronage from Morgan Stanley (excluding members of Defendants' immediate family and relatives);

B.  Using disclosing, or transmitting for any purpose, any information contained in the records of Morgan Stanley or concerning its customers, including for purposes of soliciting business or account transfers from any client formerly serviced by Defendants;

C.  However, the order in sections 1A and 1B do not apply if the clients or customers initiate contact with defendants or the parties identified in section 1 above.

2.  Defendants, and anyone acting in active concert or participation with Defendants, directly or indirectly, including Defendants' counsel and any agent, employee, officer or representative of UBS Financial Services, Inc. are further ordered to return to Morgan Stanley's counsel any and all records, documents and/or tangible customer information pertaining to Morgan Stanley's customers whether in original, copied, computerized, handwritten or other form and purge any such information in their possession, custody or control, within two business days of notice to Defendants or their counsel of the time of the Court's order, provided, however, 1) that before any such information is purged a copy of the information shall be printed and provided to Morgan Stanley's counsel and 2) Defendants' counsel is permitted to retain a copy of any information returned for use in this litigation or the arbitration referred to in Paragraph 6. The possession of any documents or information provided to Defendants by a client or obtained through public sources after Defendants' resignations from Morgan Stanley does not constitute a violation of this Paragraph.

3. Nothing in this Order shall prevent Defendants from accepting or acting upon client requests for account transfers, or from communicating with or servicing any clients of UBS Financial Services, Inc.

4. Morgan Stanley is ordered to provide any client who requests information concerning the Defendants' whereabouts or current employment with the telephone numbers and address of the UBS Financial Services, Inc. office at which Defendants are employed: 600 S.W. Columbia, Building 4 (Suite 6200), 2nd Floor, Bend, Oregon 97702-3177; telephone number 541-617-7020. However, nothing in this Order shall prevent Morgan Stanley from servicing its clients or soliciting further business from clients.

5. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§3-4, the parties are directed to immediately proceed with arbitration in accordance with Rule 10335(b)(1) of the National Association of Securities Dealers Code of Arbitration Procedure, including a hearing on the issue of permanent injunctive relief, which hearing shall commence within 15 calendar days of the date of this Order.

6. This Order shall remain in effect only until such time as a panel of Arbitrators appointed pursuant to NASD Code of Arbitration Procedure Rule 10335 has considered and made a determination on the matter of possible permanent injunctive relief pursuant to NASD Rule 10335.

7. Plaintiff shall post $10,000 security in the form of a bond within two business days of the date of this order, and the bond shall not be released until such time as the Court orders.

8. Because the NASD Panel of arbitrators will commence a hearing on the issue of permanent injunctive relief within 15 calendar days, there is no need or requirement for further action by this

Court. The matter is therefore stayed. The Court will retain jurisdiction to consider issues of enforcement of the terms of this Order.

SO ORDERED, this 13th day of September, 2005.

*Michael R. Hogan*
Honorable Michael R. Hogan
United States District Judge